<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **BOBBIE L. HENDERSON, III,** | : | |
| Petitioner, | : | Civil No. 25-02720 (SRC) |
| v. | : | **OPINION** |
| **WARDEN THOMPSON,** | : | |
| Respondent. | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 ("Pet." ECF No. 1) by *pro se* Petitioner Bobbie L. Henderson, III ("Petitioner"), a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). Petitioner challenges the date set by the Bureau of Prisons ("BOP") for his prerelease custody placement in a Residential Reentry Center ("RRC") or home confinement. (*Id.* at 2.) Also before the Court is Petitioner's motion to expedite habeas proceedings. (ECF No. 5.) Respondent filed an opposition to both the petition and the motion. ("Opp'n" ECF No. 6.) Petitioner filed a reply. ("Reply" ECF No. 7.) The Court has jurisdiction under 28 U.S.C. §1331 and § 2241. For the reasons set forth below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies, and the motion to expedite will be dismissed as moot.

I.  **BACKGROUND**

On November 10, 2020, in the District of New Jersey, Petitioner was convicted of laundering of monetary instruments in violation of 18 U.S.C. § 1956(h). (ECF No. 6-2 at 2, ¶ 5.) The Court imposed a sentence of 120 months of imprisonment, to be followed by three years of supervised release. (*Id.*) With the application of good conduct time ("GCT") and earned time credit ("ETC"), Petitioner's projected release date is January 8, 2027. (*Id.*)

As of December 29, 2024, Petitioner had accumulated 365 days of credit toward early supervised release and 115 days toward RRC or home confinement, and he may be eligible for an additional 310 days. (*Id.* at 3, ¶ 10.) As part of Petitioner's prerelease plan, the BOP scheduled him for transfer to a Philadelphia-area RRC on September 9, 2025, which is three days after the earliest RRC placement date he could receive based on SCA and FSA credits. (Opp'n, at 3.)

Petitioner submitted the instant habeas petition on April 10, 2025,[1] (*See* ECF Docket Sheet), without first exhausting administrative remedies. (*See* Pet., at 2; Reply, at 1.) On June 9, 2025, Petitioner filed a motion to expedite habeas proceedings. (ECF No. 5.) Respondent filed an opposition to both the habeas petition and motion on July 3, 2025, (Opp'n, ECF No. 6), and Petitioner filed his reply on August 8, 2025. (Reply, ECF No. 7.) Accordingly, the matter is ripe for determination.

---

[1] Petitioner submitted his habeas petition on April 10, 2025. (ECF No. 1.) On April 24, 2025, the Court administratively terminated the matter for failure to pay the $5 filing fee. (ECF No. 2.) The filing fee was received on May 15, 2025, and the case was reopened on May 20, 2025. (*See* Docket Sheet.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be granted, and a federal court has jurisdiction, only when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). Challenges to the fact or duration of confinement are the essence of habeas. *See Murray v. Bledsoe*, 386 F. App'x 139, 140 (3d Cir. 2010). "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485–86 (3d Cir. 2001).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn,* 151 F.3d 116, 118 (3d Cir.1998); *Lewis v. Attorney General,* 878 F.2d 714, 721–22 (3d Cir.1989); *United States v. Brierley,* 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied,* 399 U.S. 912 (1970).

## III. DISCUSSION

Petitioner seeks an order directing his immediate transfer to prerelease custody in a RRC or home confinement. (Pet., at 3.) He asserts that he earned sufficient FSA credits to qualify for conditional release on February 17, 2025, but that the BOP instead scheduled his RRC placement for September 9, 2025—more than six months later. (*Id.* at 2.) Petitioner contends that the BOP's failure to apply his earned time credits violates the FSA, results in excessive incarceration, and denies him due process. (*Id.*) He further argues that similarly situated inmates have been released while he has been unfairly denied home confinement despite possessing the requisite credits. (Reply, at 3.)

Respondent opposes habeas relief, arguing that the BOP properly applied the statutory factors in exercising its discretion to recommend Petitioner's placement into prerelease custody eighteen months before his final release.  (Opp'n, at 2–3.)  Respondent further contends that the petition should be dismissed for failure to exhaust administrative remedies.  (*Id.* at 2.)

Before a federal inmate may seek habeas relief under 28 U.S.C. § 2241, he must ordinarily first exhaust administrative remedies.  *Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012).  Exhaustion of the BOP administrative remedy program requires: (1) an attempt at informal resolution, 28 C.F.R. § 542.13; (2) a formal administrative remedy request to the warden, § 542.14; (3) an appeal to the BOP Regional Director, § 542.15; and (4) an appeal to the General Counsel in the Central Office, *id*.  "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court."  *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (internal quotation marks omitted).

Petitioner acknowledges that he failed to exhaust BOP's administrative remedies, but he contends that exhaustion should be excused as futile in light of his "time-sensitive liberty interest" to prerelease custody.  (Reply, at 1.)  However, there is no constitutionally protected liberty interest to prerelease custody in a RRC or home confinement.  *See  Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442  U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."); *see also Gant v. King*, No. 23-1766, 2023 WL

4

6910771, at *3 (D. Minn., July 7, 2023) ("Given the contingent nature of the application of FSA time credits to prerelease custody, they cannot reasonably be regarded as an entitlement.").

The FSA authorizes eligible inmates who successfully complete evidence-based recidivism reduction programs to earn time credits that may be applied toward prerelease custody or supervised release. *See* 18 U.S.C. § 3632(d)(4). The BOP has considerable discretion to determine if and when to transfer an inmate into prerelease custody. *Brown v. Warden Fairton FCI*, 617 F. App'x 117, 119 (3d Cir. 2015) ("The BOP has *discretion* under § 3621(b) to permit a prisoner to serve all or part of his sentence in an RRC."). Notwithstanding any other provision of the law, a designation of a place of imprisonment under 18 U.S.C. § 3621 is not reviewable by any court. 18 U.S.C. § 3621(b).

Ordinarily, courts will enforce the exhaustion requirement. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241."). Failure to exhaust these remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice . . ." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996). Exhaustion is required for the following three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy. *Id*. at 761–62. Although courts may excuse exhaustion in limited circumstances, Petitioner has not demonstrated that further pursuit of administrative remedies would be futile here. *See Ridley*, 179 F. App'x at 111.

Moreover, exhaustion is not futile because Petitioner did not raise an issue of pure statutory construction in his petition. *See Vasquez*, 684 F.3d at 433–34 ("We have held that a prisoner need not exhaust administrative remedies where the issue presented involves only statutory construction[.]") Although Petitioner alleges that the BOP violated 18 U.S.C. § 3632(d)(4)(c) by failing to effect his immediate transfer to prerelease custody, he did not argue that the statute itself was invalid or erroneously interpreted. (*See* Pet., at 2.) To the contrary, he relies on the statute in support of his argument that he is entitled to immediate transfer to RRC or home confinement. (*Id*.) These issues are capable of resolution through the administrative remedy process. Accordingly, Petitioner cannot establish that exhaustion was futile on the basis of statutory construction.

Because the face of the petition establishes that Petitioner failed to exhaust administrative remedies regarding his placement in prerelease custody and Petitioner has not shown that the failure to exhaust should be waived, the Court finds that his failure to exhaust is not excused and will dismiss the petition without prejudice. On that basis, the Court need not address whether BOP abused its discretion regarding Petitioner's prerelease placement plan.

## IV.     CONCLUSION

For the reasons discussed above, the habeas petition will be dismissed without prejudice for failure to exhaust administrative remedies. In light of the Court's ruling, Petitioner's motion to expedite will be dismissed as moot. An appropriate Order follows.

Date: September 10, 2025

                                                              s/ Stanley R. Chesler
                                             **HON. STANLEY R. CHESLER**
                                             **UNITED STATES DISTRICT JUDGE**